<u>NOT FOR PUBLICATION</u>

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA**

**Filed / Docketed
October 14, 2008**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **DAVID GENE MARKLE,** ) | Case No. 08-10109-R |
| ) | Chapter 7 |
| **Debtor.** ) | |

| | |
|---|---|
| **PATRICK J. MALLOY III,** ) | |
| **TRUSTEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Adv. No. 08-01019-R |
| ) | |
| **MID-CONTINENT CASUALTY COMPANY,** ) | |
| **OKLAHOMA SURETY COMPANY,** ) | |
| **AND PARKING BUILDERS, L.L.C.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Before the Court is the Defendant's Motion for Summary Judgment (Adv. Doc. 18) and Brief in Support of Motion for Summary Judgment (Adv. Doc. 19) ("Mid-Con's Motion") filed on June 2, 2008, by Defendant Mid-Continent Casualty Company ("Mid-Con"); Plaintiff's Amended Brief in Opposition to Mid-Continent Casualty Company's Motion for Summary Judgment (Adv. Doc. 22) ("Response") filed on June 13, 2008, by Plaintiff Patrick J. Malloy III, Trustee for the Bankruptcy Estate of David Gene Markle (the "Trustee"); and Defendant's Reply to Plaintiff's Amended Brief in Opposition to Mid-

-1-

Continent Casualty Company's Motion for Summary Judgment (Adv. Doc. 33) ("Reply"), filed on July 10, 2008, by Mid-Con.

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A), (B), (F), and (K) and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

The crux of the parties' dispute involves interpretation of an indemnity agreement titled "General Application and Agreement of Indemnity - Contractors Form" dated July 18, 2005, that was signed by David Gene Markle (the "Debtor") and his wife, Robin T. Markle ("Ms. Markle") (collectively, "the Markles"), on September 20, 2005. The Trustee attached a copy of this document (the "Agreement") to his First Amended Complaint (Adv. Doc. 5) (the "Complaint") in which he seeks a declaratory judgment that the Agreement did not create liens in Mid-Con's favor on either parcel of real property that were owned by the Markles at the time they signed the agreement and requests that even if it did, Mid-Con should be required to satisfy its claims from the assets of Parking Builders, L.L.C. ("PB") before seeking recovery from the assets of the Debtor's bankruptcy estate. Mid-Con contends that the Agreement created liens in its favor on the two parcels of real property when the Agreement was executed.

In Mid-Con's Motion, Mid-Con advances three contentions on which it argues that summary judgment in its favor is appropriate. First, Mid-Con contends that the undisputed facts establish that the Agreement created liens in Mid-Con's favor on the Markles' real property and that the validity and priority of those liens has been confirmed by a default

-2-

judgment against the Debtor entered by the Tulsa County District Court. Second, Mid-Con contends that the Trustee's request for marshalling fails because PB is a non-debtor entity and the Trustee may not marshall the assets of a non-debtor. Third, Mid-Con contends that the relief sought by the Trustee in the Complaint cannot be granted because Ms. Markle is a necessary party to the adversary proceeding and the Trustee failed to name her as a defendant in the Complaint.

In his Response, the Trustee argues that the Agreement did not establish liens on the Markles' real property. The Trustee further argues that the post-petition entry of a default judgment against the Debtor in Tulsa County District Court that determined the validity of the liens is void because it violated the automatic stay. The Trustee also argues, in the alternative, that to the extent Mid-Con has any liens on the Markles' real property, the liens are avoidable pursuant to Sections 547 or 552(a) of the Bankruptcy Code. Finally, the Trustee disputes that Ms. Markle is a necessary party because the relief he is requesting in the Complaint is limited to the alleged interests of Mid-Con in the real property of the bankruptcy estate.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056. A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Wright *ex rel.* Trust Co. of Kansas v. Abbott Labs., Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001), *citing* Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th

Cir. 1998). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler, 144 F.3d at 670, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When the party moving for summary judgment "does not have the burden of proof at trial, it must point to an absence of evidence in the record to support the elements of the claim or defense which the other party is obligated to prove." In re Ribozyme Pharmaceuticals, Inc. Securities Litigation, 209 F. Supp. 2d 1106, 1111 (D.Colo. 2002). Alternatively, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), *quoting* Fed. R. Civ. P. 56(c).

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249. Reasonable inferences that may be made from the proffered evidentiary record should be drawn in favor of the non-moving party. See Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

The Agreement describes the rights and obligations of each party and establishes when and how liens in Mid-Con's favor may be created. Paragraph 14 of the Agreement, titled "Real Estate Lien and Waiver of Homestead Right," states that "[u]pon the occurrence of an event of default as described in paragraph 5 above, this instrument shall be filed as a Lien against any real property described below to the same extent as if the property had been conveyed and transferred under the laws of any state, territory or possession." Agreement at ¶ 14 (emphasis added). Thus, by its own terms, the Agreement requires that an event of default must occur before any lien in favor of Mid-Con may be recorded.

The Trustee contends that Mid-Con did not have enforceable liens against property of estate because there was no event of default as required by the Agreement. In order to defeat this contention on summary judgment, Mid-Con must show that the Trustee cannot prove that contention. Mid-Con has failed to do so. Mid-Con has not presented undisputed evidence that an event of default, as defined in the Agreement, occurred. Evidence of such an event is material and relevant to determining the existence or status of the liens that Mid-Con asserts since an event of default is a necessary precondition to the recordation of a lien under the Agreement.[1] Although copies of three letters, dated February 16, 2006, March 16, 2006, and March 17, 2006, that describe a contract dispute between PB and one of its general contractors, were attached to the Reply, Mid-Con doesn't explain how the dispute described

---

[1] The recording of the Agreement is relevant because unless or until the Agreement was properly recorded, any liens granted therein are not valid against third parties. See 16 O.S. § 15. The Trustee, as a hypothetical lien creditor, would not take subject to any unrecorded lien against property of the estate. See 11 U.S.C. § 544.

in these letters constituted an event of default under the Agreement. See Reply, Exh. 1, Exh.2, and Exh. 3. Further, the significance and accuracy of these letters is disputed by the Trustee as evidenced in an affidavit of the Debtor. See Response at 6 and Exhibit C. Construing the facts and inferences against Mid-Con, the Court cannot conclude that Mid-Con has established that there was an event of default at any time prior to the date the Debtor filed his bankruptcy petition.

Mid-Con also asserts that the default judgment entered post-petition against the Debtor by a Tulsa County District Court established the validity and priority of its lien on one of the parcels of real property. The Trustee does not dispute the existence of that default judgment, which Mid-Con attached to its Motion for Summary Judgment (Adv. Doc. 19) as Exh. 5, but does dispute its validity. On March 4, 2008, this Court entered an agreed order between the Trustee and ABN Amro Mortgage Group, Inc. modifying the stay to allow ABN Amro Mortgage Group, Inc. to enforce its liens on the Markles' residence. (Main Case Doc. 58). Significantly, Mid-Con was not a party to the motion requesting that the stay be modified and has never filed a motion to modify the stay in the Debtor's main bankruptcy case. Mid-Con failed to produce any evidence that the Trustee, the real party in interest in the proceeding, was given notice of the motion for default judgment. No preclusive effect is afforded to a judgment obtained against a party where prosecution violated the stay, because such a judgment is void *ab initio*. See Ellis v. Consolidated Diesel Electric Corp., 894 F.2d 371 (10th Cir. 1990) ("It is well established that any action taken in violation of the stay is void and without effect"). For purposes of establishing any issue regarding Mid-

Con's liens against the bankruptcy estate, the entry of the default judgment against the Debtor in Tulsa County District Court on April 22, 2008, is void.

As the party moving for summary judgment, it is Mid-Con's burden to create a record of undisputed material facts that would support its request for a declaration that its liens are valid and not avoidable. On the record before the Court, Mid-Con has not met its burden. Thus, Mid-Con is not entitled to summary judgment in its favor with respect to the validity and priority of any liens purportedly granted by the Agreement.

With respect to its request for summary judgment on the Trustee's marshalling claim, Mid-Con has not sufficiently developed facts or legal argument to support its request. Until conclusive findings have been made regarding the status of Mid-Con's purported liens on the Debtor's property, it is premature for the Court to address the marshalling claim.

Finally, Mid-Con has failed to present any evidence or sufficiently develop any argument that the Trustee failed to include a necessary party under Rule 7019(a) of the Federal Rules of Bankruptcy Procedure. Mid-Con's mere assertion in argument that Ms. Markle is a necessary party to determine the validity and priority of its liens on property in which she has no interest is not competent evidence that the criteria in Rule 7019(a) for a necessary and indispensable party has been met. Mid-Con has the burden of establishing a record supporting summary judgment in its favor and has failed to meet that burden.

For these reasons, Mid-Con is not entitled to judgment as a matter of law.

Mid-Con's Motion is therefore **denied.**

**SO ORDERED** this 14th day of October, 2008.

*[signature]*

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE